LOUIS FINK v. REPUBLICAN VALLEY R. R. CO.

[FILED OCTOBER 23, 1889.]

**Railroads:** EMINENT DOMAIN : DAMAGES. There is no question of law presented for decision, the only contention of plaintiff in error being that the verdict of the jury was not supported by the evidence. The oral evidence submitted to the jury was conflicting, and the action being for damages to real estate by reason of the construction of a railroad thereon, the jury were sent to examine the premises. It was *held,* upon an examination of the evidence, that the verdict could not be set aside as unsupported thereby.

ERROR to the district court for Gage county. Tried below before BROADY, J.

*Pemberton & Bush,* for plaintiff in error.

*Marquett & Deweese,* for defendant in error.

REESE, CH. J.

This is a proceeding in error to the district court of Gage county.

The action in that court was an appeal from the award of appraisers duly appointed by the county court of that county to assess the damages sustained by plaintiff in error by reason of the construction of the railroad of defendant in error through his land. A jury trial was had, result-

ing in a verdict and judgment in favor of the plaintiff in error for the sum of $173.22. From this judgment he brings error, alleging that the verdict was not supported by the evidence submitted, the amount found due being too small.

We have carefully examined the oral evidence submitted to the jury and find sufficient to justify a finding that there were four acres of plaintiff's land taken by the railroad company, including about one acre and a half which was cut off from his farm, and rendered substantially useless by being separated therefrom by the railroad track. The value placed upon this four acres of ground by the witnesses on behalf of plaintiff in error was from $40 to $50 per acre, those fixing it at $50 being plaintiff in error, L. H. Fink, Aaron Horn, Albert Howell, John Loible, and those putting it at $40 per acre were H. Lacey, Fennis Lefevre, and J. J. Scribner. On the part of defendant in error, E. Cutshaw testified that the land was worth from $30 to $35 per acre; G. B. James, from $35 to $40; James F. Colgrove and G. M. Murdock, $35 per acre. Some of the witnesses introduced by plaintiff in error testified that the portion of the farm immediately injured by the construction of the railroad was a very desirable building spot and the most suitable of any of the land included in the farm for the erection of a residence, and by the destruction of this ground as such building spot the whole farm was damaged to the extent of $10 per acre, there being 160 acres in the farm; while, upon the other hand, the witnesses introduced by defendant in error testified that the farm was not in any way injured except to the extent of the value of the land actually taken and used by the railroad and the small portion of the corner separated from the remainder of the farm by the construction of the track. By order of the court the jury were sent out to the farm and viewed the land. This was after the construction of the railroad.

While it is true that a verdict for a much larger amount than that returned by the jury upon the trial would have been sustained by the evidence, yet we are unable to see that it should be molested. All presumptions are in favor of the conclusion reached by the jury, and their verdict cannot be set aside unless clearly and manifestly wrong. If they adopted the testimony of the witnesses on the part of defendant in error as a basis for their finding, we must be content therewith.

Another difficulty under which we find ourselves placed is, that upon the trial certain plats were introduced in evidence and referred to by the witnesses in their examination, almost all the testimony having been introduced with reference to them. Having been introduced in evidence they should have been made a part of the record of the case. But we are unable to find any of them attached to the bill of exceptions.

The judgment of the district court must therefore be affirmed.

JUDGMENT AFFIRMED.

THE other Judges concur.